## F. S. Hunt *v.* John L. Johnson.

To give the court of chancery jurisdiction against a single defendant, he must be found
and served with process within the limits of this state, or some property or chose in
action must be found here upon which the court can proceed *in rem.*

The bill in this case was filed to compel the defendant to rescind a contract entered into by him with Hunt, relative to an exchange of real estate, and for the performance of which they had mutually executed bonds. Johnson failed to perform his contract, left the state, and at the time this bill was filed was a resident of the Republic of Texas. An order of publication was obtained and publication made and a pro confesso taken.

The CHANCELLOR.

This case was submitted on a pro confesso. The bill states the non residence of the only defendant. The object of the suit is to rescind a contract for real estate. This is a transitory action, not local.

To give this court jurisdiction against a single defendant, he must be found, and served with process, within the limits of the state, or some property, or chose in action of his, must be found here, upon which the court can proceed *in rem.* All courts proceeding according to the course of the common law, act either upon the person of the defendant, or upon the thing proceeded against. The court must therefore have either jurisdiction over the person of the defendant by a service of its process, or of the thing proceeded against, or its proceeding will be *coram non judice,* and void. Neither of these elements of jurisdiction are found to exist in this case. The statutes of this state prescribing a mode of constructive service by publication against absent defendants, relates as I conceive only to cases *in rem,* where the thing gives jurisdiction, or to suits against a resident party in which it may be neces-

F. S. Hunt *v.* John L. Johnson.

sary to the purposes of justice, that a non resident should be associated.

This is the view which the supreme court of Kentucky took of their statute, on this subject, which is similar in its provisions to our own. Maude *v.* Rhodes, 4th Dana's Rep. 144.

I am then of opinion that the court has not jurisdiction over this case. The complainant's bill is accordingly dismissed.